UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Ihor D., | File No. 26-CV-351 (JMB/DTS) |
| Petitioner, | |
| v. | |
| Kristi Noem, *Secretary, U.S. Department of Homeland Security;* Department of Homeland Security; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Immigration and Customs Enforcement; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; | **AMENDED**[1] **ORDER** |
| Respondents. | |

---

Cameron Lane Youngs Giebink, Wilson Law Group, Minneapolis, MN, for Ihor D.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi Noem, Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement, and David Easterwood.

---

This matter is before the Court on Petitioner Ihor D.'s[2] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Kristi Noem, Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement, and David Easterwood (together, Respondents) are named in the

---

[1] **Revisions to the original order are made in bolded and underlined font.**

[2] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

Petition. For the reasons explained below, the Court grants the Petition in part.

## FINDINGS OF FACT

1. Ihor D. is a citizen of Ukraine who entered the United States and was paroled pursuant to 8 U.S.C. § 1182(d)(5)(A) starting on May 30, 2024, and valid through May 29, 2026. (Pet. ¶¶ 3, 30–32.) At the time he was paroled into the United States, Respondents released him from custody. (*Id.*)

2. He has been living in the United States freely since he was paroled, has been employed pursuant to a lawful employment authorization, and has no criminal history. (*Id.* ¶¶ 34, 38.)

3. On January 15, 2026, Respondents detained Ihor D. on his way to work. (*Id.* ¶ 34.) He is currently detained in Minnesota. (*Id.* ¶ 39.) Respondents offered no explanation for this arrest and provided Ihor D with no paperwork concerning removal or revocation of his parole. (*Id.* ¶ 36–37.)

4. He has complied with all the terms of his parole and knows of no reason why he was taken into custody. (*Id.* ¶ 38.)

5. Ihor D. filed his Petition on January 15, 2026. (Pet.) He asks the Court to immediately release him from custody. (*Id.* at 28–39.)

6. On January 16, 2026, the Court ordered Respondents to respond to the Petition by January 20, 2026, at 11:00 a.m. CT "certifying the true cause and proper duration of Petitioner's confinement and showing cause as to why the writ should not be granted in this case." (Doc. No. 3.)

7. The deadline has passed, and Respondents did not respond to the Petition.

**DISCUSSION**

Respondents do not oppose the Petition, and on that basis alone, and considering the factual showings made by Petitioner as recounted above, the Court grants the Petition.[3] *See Rodriguez-Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD), Doc. No. 10, at *3 (D. Minn. Jan. 15, 2026) (citing *Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (concluding that failure to respond is an express waiver of those

---

[3] As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

The Constitution also guarantees every person in the United States due process of law, including persons who are not United States citizens. *E.g.*, *Lopez v. Heinauer*, 332 F.3d 507, 512 (8th Cir. 2003) ("The Supreme Court has long recognized that deportable aliens are entitled to constitutional protections of due process." (citing *Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903))); *see also, e.g.*, *Trump v. J.G.G.*, 604 U. S. 670, 673 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))); *Zadvydas v. Davis*, 533 U.S. 678, 695 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

3

arguments or claims)); *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

Separately and independently, the Court also grants the request for immediate release because it is persuaded by the analysis of the court in *Rodriguez-Acurio v. Almodovar*, No. 2:25-CV-6065 (NJC), 2025 WL 3314420 (E.D.N.Y. Nov. 28, 2025). Like the petitioner in *Rodriguez-Acurio*, Ihor D. was previously released on temporary parole, did not violate any terms of the release, and has not been provided with sufficient due process of law. *See id.* at *9–24, 30–31. Accordingly, the Court orders that Ihor D. be released **in Minnesota**.[4]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED in part and DENIED in part, follows:

1. Respondents are ORDERED to release Petitioner Ihor D. from custody **in Minnesota** immediately, and in any event on or before 5:00 p.m. CT on January 20, 2026.

2. On or before 11:00 a.m. CT on January 21, 2026, Respondents shall provide the Court with a status update affirming that Petitioner was released from custody in accordance with this Order.

---

[4] In light of this decision, the Court declines to address the remaining allegations and claims in the Petition.

4

3.  Ihor D. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

4.  As to other forms of relief requested, the Petition is DENIED.

5.  **Petitioner's Motion to Amend (Doc. No. 5) is GRANTED.**

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: January 20, 2026                                /s/ *Jeffrey M. Bryan*
                                                       Judge Jeffrey M. Bryan
                                                       United States District Court